FILED
2019 May-17 PM 01:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **FRANKLIN COUNTY COMMISSION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:19-CV-0230-CLS |
| | ) | |
| **CRISTA MADDEN,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case originally was filed in the Circuit Court of Franklin County, Alabama,[1] and subsequently removed here on the basis of the parties' diversity of citizenship.[2] *See* 28 U.S.C. § 1332. It now is before the court on plaintiff's motion to remand,[3] the motion to dismiss filed by defendant State Farm Fire and Casualty Company,[4] the motion to dismiss by defendants Sinclair Lawrence & Associates and Debbie Thorne,[5] and defendant Crista Madden's motion for a more definite statement[6]

---

[1] *See* doc. no. 1-1 (Complaint).

[2] Doc. no. 1 (Notice of Removal).

[3] Doc. no. 19.

[4] Doc. no. 6.

[5] Doc. no. 16.

[6] Doc. no. 22.

and amended motion for a more definite statement.[7]

## I. MOTION TO REMAND

**A.     Standard of Review**

Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)). A removing defendant bears the burden of proving that federal jurisdiction exists. *See, e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

Removal statutes must be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American*

---

[7] Doc. no. 27. United States Magistrate Judge Herman N. Johnson, Jr., to whom the case then was assigned, entered an order on February 12, 2019, suspending the other pending motions until after adjudication of the motion to remand. Doc. no. 15.

*Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)). The court must focus upon jurisdictional facts alleged on the date the case was removed from state court. *See, e.g., Burns*, 31 F.3d at 1097 n.13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*.") (emphasis in original) (citations omitted).

## B. The Allegations of Plaintiff's Complaint

The state court action was commenced by the Franklin County Commission ("plaintiff" or "the Commission"), which is an Alabama resident.[8] The Commission sued the following defendants: (1) Crista Madden, an Alabama resident; (2) State Farm Fire and Casualty Company ("State Farm"), an Illinois resident; (3) Lafayette Insurance Company ("Lafayette"), a Louisiana resident; (4) Sinclair Lawrence & Associates, Inc., an Alabama resident; and (5) Debbie Thorn, an Alabama resident.[9] Madden, a former Commission employee, stole $753,889.21 from the Commission between 2008 and 2017.[10] State Farm insured the Commission for employee theft,

---

[8] Doc. no. 1-1 (Complaint), ¶ 1.

[9] *Id.* ¶¶ 2-6. Plaintiff also named fictitious defendants, but they are disregarded for purposes of federal jurisdiction. *Id.* ¶ 7. *See Fontainebleau Gardens Condo. Ass'n, Inc. v. Pacific Insurance Co.*, 768 F. Supp. 2d 1271, 1273 (S.D. Fla. 2011) ("In determining complete diversity for purposes of removal, the citizenship of a fictitious defendant is disregarded.").

[10] Doc. no. 1-1 (Complaint), ¶ 9.

but it refused to pay the Commission's claim for Madden's theft.[11] Lafayette insured the Commission for employee theft under a separate policy purchased through Sinclair Lawrence & Associates, but Lafayette also refused to pay the claim. Defendant Debbie Thorn was an agent for Lafayette.[12]

The Commission asserts state law claims for: (1) conversion against Crista Madden; (2) breach of contract against State Farm; (3) breach of contract against Lafayette; and (4) fraudulent suppression against Sinclair Lawrence & Associates, Lafayette, and Debbie Thorn.[13]

## C. Lafayette's Notice of Removal and Plaintiff's Motion to Remand

Lafayette removed the state case here on February 7, 2019, asserting federal jurisdiction based upon satisfaction of the requirements of the diversity statute.[14] *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States.").

Because the Commission is seeking insurance coverage for theft in excess of $750,000, it is patently clear that more than the jurisdictional amount is in

---

[11] *Id.* ¶¶ 10-13.
[12] *Id.* ¶¶ 15-22.
[13] *Id.* ¶¶ 25-41.
[14] Doc. no. 1 (Notice of Removal).

controversy. It equally clear, however, that there is not complete diversity of citizenship, because defendants Crista Madden, Sinclair Lawrence & Associates, and Debbie Thorn are Alabama residents, as is the plaintiff, Franklin County Commission. Even so, Lafayette asserts that the non-diverse defendants were fraudulently joined, and their Alabama citizenship should be disregarded. *See, e.g.*, *Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97 (1921) (holding that a diverse defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"). Plaintiff contests that assertion in its motion to remand, insisting that the claims against all non-diverse defendants are valid, and that those defendants' presence in this case prevents this court from exercising diversity jurisdiction.

**D.     Plaintiff's Claims Against Crista Madden**

Lafayette asserts that Crista Madden was improperly joined under Federal Rule of Civil Procedure 20 because: Madden is not jointly or severally liable with the other defendants; plaintiff's claims against Madden do not arise out of the same transaction or occurrence as the claims against the other defendants; and there is no question of law or fact common to all defendants. *See Colormasters, LLC v. Research Solutions Group, Inc.*, No. 4:17-CV-0561-VEH, 2017 WL 3605337, at *3 (N.D. Ala. Aug. 22, 2017) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d

5

1284, 1287 (11th Cir. 1998)) ("The Eleventh Circuit . . . recognizes a third type of fraudulent joinder where 'a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.'"); *see also* Fed. R. Civ. P. 20(a)(2) (providing that persons may be joined in one action as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," *and* "any question of law or fact common to all defendants will arise in the action").

This court agrees. Plaintiff's conversion claim against Crista Madden is based solely upon Madden's embezzlement of the Commission's money. Only Madden can be held liable for that claim, and her liability likely would not be disputed, considering that she pled guilty to criminal charges that grew from the theft. In contrast, all of plaintiff's other claims (for breach of contract against State Farm and Lafayette, and fraudulent suppression against Sinclair Lawrence & Associates, Lafayette, and Thorn) relate to either the issuance or payment of insurance policies. Madden had nothing to do with those policies, so she would not be subject to joint and several liability with the other defendants. Madden's theft did not arise out of the same transaction, occurrence, or series of events as the insurance companies' alleged

6

breach of their insurance contracts or the alleged fraudulent suppression of material facts by Sinclair Lawrence & Associates, Lafayette, and Thorn. Finally, plaintiff's conversion claim against Madden has no questions of law or fact in common with all the other claims. Accordingly, Crista Madden was wrongfully joined as a defendant to this action, and the plaintiff's claims against her will disregarded for purposes of determining diversity citizenship.

### E.  Plaintiff's Claims Against Sinclair Lawrence & Associates, Inc., and Debbie Thorn

Lafayette asserts that Debbie Thorn and Sinclair Lawrence & Associates were fraudulently joined because there is no possibility that plaintiff can establish a cause of action against those defendants. *See Stillwell v. Allstate Insurance Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) ("To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'") (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)) (alteration in original).

The only claim plaintiff asserted against Thorne and Sinclair Lawrence & Associates was for fraudulent suppression:

> Defendants Debbie Thorn, while working as an agent, Sinclair Lawrence & Associates, Lafayette Insurance Company and/or Fictitious Defendants fraudulently suppressed the fact that the Franklin County Commission . . . needed to purchase additional coverage to continue to have employee theft coverage from the previous policies purchased from Defendant Lafayette.

Doc. no. 1-1 (Complaint), ¶ 37 (ellipsis supplied).

"The elements of a suppression claim are (1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to his or her injury." *Aliant Bank, a Division of USAmeribank v. Four Star Investments, Inc.*, 244 So. 3d 896, 930 (Ala. 2017) (citations and internal quotation marks omitted). Lafayette argues that the fraudulent suppression claim cannot succeed against Thorn or Sinclair Lawrence & Associates because neither of them had a duty to disclose to plaintiff any facts about the extent of coverage.

The Alabama Supreme Court recently held that, absent a special relationship, a separate agreement, additional compensation, or an affirmative misrepresentation about the contents of the policy, an insurer or agent does not have a duty to advise a client or potential client about the adequacy of coverage. *Somnus Mattress Corp. v. Hilson*, – So. 3d – , No. 1170250, 2018 WL 6715777, at *8-9 (Ala. Dec. 21, 2018). That decision forecloses any fraudulent suppression claim against Thorne and Sinclair

Lawrence & Associates because there has been no allegation of a special relationship, separate agreement, additional compensation, or affirmative misrepresentation on the part of either of those defendants. Accordingly, neither Thorne nor Sinclair Lawrence & Associates had a duty to inform plaintiff about the adequacy of its insurance coverage, and neither of them can be held liable for fraudulent suppression.

Because there is no possibility that plaintiff can state a cause of action against either Thorne or Sinclair Lawrence & Associates for fraudulent suppression, both of those defendants have been fraudulently joined, and their citizenship will be disregarded for purposes of deciding diversity jurisdiction.

In conclusion, the court finds that all of the non-diverse defendants (Madden, Thorne, and Sinclair Lawrence & Associates) have been fraudulently joined, and their citizenship must be disregarded for purposes of deciding diversity jurisdiction. Because complete diversity is present between plaintiff and the remaining defendants, the requirements of diversity jurisdiction have been satisfied, and plaintiff's motion to remand is due to be denied.

## II. OTHER MOTIONS

For the same reasons supporting this court's decision that plaintiff has no possibility of stating a cause of action against either Thorne or Sinclair Lawrence & Associates for fraudulent suppression, the motion to dismiss filed by both of those

defendants is due to be granted.

Because this court already has determined that defendant Crista Madden was improperly joined, there is no need for plaintiff to replead its claims against Madden. Plaintiff's claims against Madden will be dismissed, and Madden's motions for a more definite statement will be denied as moot.

Because this court is retaining jurisdiction over the claims asserted against the diverse defendants, including State Farm Fire and Casualty Company, State Farm's motion to dismiss must be substantively addressed. A briefing schedule will be entered for that motion.

An appropriate order will be entered contemporaneously herewith.

**DONE** this 17th day of May, 2019.

						_____
						United States District Judge