

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **FRANKLIN COUNTY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 3:19-CV-0230-CLS** |
| | ) | |
| **CRISTA MADDEN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This opinion addresses doc. no. 37: "Plaintiff's Motion to Vacate or Amend Judgment Denying Remand, or in the Alternative, Motion to Reconsider Interlocutory Order Denying Remand."[1]

## I.  BACKGROUND

The Franklin County, Alabama Commission (hereafter, either "plaintiff" or "the Commission") commenced this action in the Circuit Court of that same County against five named defendants:[2]  *i.e.*,

---

[1] *See also* doc. no. 19 (Motion to Remand) and doc. nos. 30 and 31 (Memorandum Opinion and Order denying Motion to Remand).

[2] Plaintiff also asserted claims against "Fictitious Defendants 'A' through 'D'" (doc. no. 1-1 (Complaint filed in the Circuit Court of Franklin County, Alabama) (hereafter "Complaint"), ¶ 7), but they are disregarded for purposes of federal jurisdiction.  *See also*, *e.g.*, *Fontainebleau Gardens Condo. Ass'n, Inc. v. Pacific Insurance Co.*, 768 F. Supp. 2d 1271, 1273 (S.D. Fla. 2011) (observing that, when determining whether complete diversity of citizenship exists for purposes of removing a case from state to federal court, "the citizenship of a fictitious defendant is disregarded").

(1)    **Crista Madden**, who formerly resided in Franklin County, and who, during

such residency, was an employee of the plaintiff, from which she embezzled

over a period of years the sum of $753,889.21,[3] but who presently is housed in

the Julia Tutwiler State Prison for Women located in Elmore County,

Alabama;[4]

(2)    **State Farm Fire and Casualty Company**, an Illinois corporation that insured

the Franklin County Commission for employee theft, but which refused to pay

the full amount claimed by that Commission for Madden's theft;[5]

(3)    **Lafayette Insurance Company**, a Louisiana corporation[6] that also insured the

Franklin County Commission for employee theft under a policy that had been

purchased through the fourth defendant, Sinclair Lawrence & Associates, Inc.,

but Lafayette, like State Farm, also refused to pay the full amount of the

---

[3] *See* doc. no. 1-1 (Complaint), ¶ 9.

[4] *Id*. ¶ 2 ("Defendant, Crista Madden is believed to be a resident of Franklin County, Alabama but is presently incarcerated in Tutwiler which is located in Elmore County, Alabama.  Defendant is over the age of eighteen years.").

[5] *Id.* ¶¶ 10-13.

[6] *Compare id*. ¶ 4 (where plaintiff's counsel alleged that Lafayette Insurance Company "*is an in-state insurance corporation* doing business by agent in Franklin County, Alabama") (emphasis supplied) *with* doc. no. 1 (Notice of Removal), ¶ 10 ("Lafayette Insurance Company is a company organized and existing under the laws of the State of Louisiana, with its principal place of business located in Lafayette, Louisiana.  Lafayette is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases [from state to federal courts pursuant to 28 U.S.C. § 1446].") (alteration supplied).

Commission's claim for Madden's theft;

(4)   **Sinclair Lawrence & Associates, Inc.**, a Russellville, Alabama agency which had assisted in the procurement of insurance coverage for the Franklin County Commission through Lafayette Insurance Company;[7] and,

(5)   **Debbie Thorn**, a citizen of Alabama[8] who was an employee of Sinclair Lawrence & Associates during the periods that the Lafayette Insurance Company policies issued to plaintiff were in force and effect.[9]

The complaint filed by the Commission in state court asserts state law claims for: (1) conversion against Crista Madden; (2) breach of contract against State Farm Fire and Casualty Company; (3) breach of contract against Lafayette Insurance Company; and (4) fraudulent suppression against Sinclair Lawrence & Associates, Lafayette, and Debbie Thorn.[10] Lafayette removed the case from state court, asserting that this court possessed jurisdiction under the diversity statute, 28 U.S.C. § 1332,[11] because the Alabama residents named as defendants were fraudulently joined or

---

[7] *See* doc. no. 1 (Notice of Removal), ¶ 12, and doc. no. 1-1 (Complaint), ¶ 5.

[8] *See* doc. no. 1 (Notice of Removal), ¶ 13, and doc. no. 1-1 (Complaint), ¶ 6.

[9] *See* doc. no. 1-1 (Complaint), ¶¶ 15-22.

[10] *Id.* ¶¶ 25-41.

[11] The relevant statutory language provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ." 28 U.S.C. § 1332(a)(1).

misjoined for the purpose of preventing federal jurisdiction.[12]

Plaintiff moved to remand,[13] and this court denied that motion in a memorandum opinion and order entered on May 17, 2019.[14]  In doing so, this court first held that plaintiff's conversion claim against the non-diverse defendant Crista Madden had been fraudulently misjoined under Federal Rule of Civil Procedure 20 because the other defendants would not be jointly and severally liable with Madden on that claim,[15] and because Madden's numerous acts of embezzlement "did not arise out of the same transaction, occurrence, or series of events as the insurance companies' alleged breach of their insurance contracts or the alleged fraudulent suppression of material facts by Sinclair Lawrence & Associates, Lafayette, and Thorn."  Doc. no. 30 (Memorandum Opinion), at 6-7; *see also*, *e.g.*, *Colormasters, LLC v. Research Solutions Group, Inc.*, No. 4:17-CV-0561-VEH, 2017 WL 3605337, at *3 (N.D. Ala. Aug. 22, 2017) ("The Eleventh Circuit . . . recognizes a third type of fraudulent joinder where 'a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and where the claim

---

[12] *See* doc. no. 1 (Notice of Removal).

[13] *See* doc. no. 19 (Motion to Remand).

[14] *See* doc. nos. 30 (Memorandum Opinion) and 31 (Order).

[15] The pertinent portions of Federal Rule of Civil Procedure 20 provide that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," *and* "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

against the diverse defendant has no real connection to the claim against the nondiverse defendant.'") (quoting *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir. 1998)).

That memorandum opinion also held, based upon the Alabama Supreme Court's opinion in *Somnus Mattress Corp. v. Hilson*, – So. 3d –, No. 1170250, 2018 WL 6715777 (Ala. Dec. 21, 2018),[16] that non-diverse defendants Sinclair Lawrence & Associates and Debbie Thorn were fraudulently joined. *See*, *e.g.*, *Stillwell v. Allstate Insurance Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) ("To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'") (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)) (alteration in original).

The Alabama Supreme Court's decision in the *Somnus Mattress Corp.* case stands for the proposition that, absent a special relationship, the duty of reasonable care and diligence owed to insured clients by an insurance agency and its sales agents

> *does not include* an affirmative, continuing obligation to inform or advise an insured regarding the availability or sufficiency of insurance coverage. *See, e.g.*, *Peter v. Schumacher Enterprises, Inc.*, 22 P.3d 481,

---

[16] *See* doc. no. 30 (Memorandum Opinion), at 7-9.

482–83, 486 (Alaska 2001); *Szelenyi v. Morse, Payson & Noyes Ins.*, 594 A.2d 1092, 1094 (Me. 1991); *Sadler v. Loomis*, 139 Md. App. 374, 776 A.2d 25, 46 (2001); *Robinson v. Charles A. Flynn Ins. Agency*, 39 Mass. App. Ct. 902, 653 N.E.2d 207, 207–08 (1995); *Harts v. Farmers Ins. Exchange*, 461 Mich. 1, 597 N.W.2d 47, 48 (1999); *Murphy v. Kuhn*, 90 N.Y.2d 266, 660 N.Y.S.2d 371, 682 N.E.2d 972, 974 (1997); *Nelson v. Davidson*, 155 Wis.2d 674, 456 N.W.2d 343, 344 (1990). *But see SW Auto Painting v. Binsfeld*, 183 Ariz. 444, 904 P.2d 1268, 1271–72 (1995); *Dimeo v. Burns, Brooks & McNeil, Inc.*, 6 Conn. App. 241, 504 A.2d 557, 559 (1986).

"That general duty of care *excludes an affirmative obligation to* give advice regarding the availability or sufficiency of coverage for several persuasive reasons. Some courts have reasoned that insureds are in a better position [than an insurance agency and its sales agents] to assess their assets and the risk of loss to which they may be exposed. *See*, *e.g.*, *Peter*, 22 P.3d at 486; *Sadler*, 776 A.2d at 40; *see also* Annotation, *Liability of Insurer or Agent of Insurer for Failure to Advise Insured as to Coverage Needs*, 88 A.L.R.4th 249, 257 (1991) ('unrealistic to impose on an insurance agent the ongoing duty of surveillance with respect to an insured's constantly changing circumstances'[)]. These courts have also noted that decisions regarding the amount of insurance coverage are personal and subjective, based upon a trade-off between cost and risk. *See Peter*, 22 P.3d at 486; *Sadler*, 776 A.2d at 40. *An insurance agent is in no better position than the insured to predict the extent of damage that the insured might incur at some time in the future. See Sadler*, 776 A.2d at 40; *Murphy*, 90 N.Y.2d 266, 660 N.Y.S.2d 371, 682 N.E.2d at 976.

"*Imposing liability on insurance agents for failing to advise insureds regarding the sufficiency of their insurance coverage would 'remove any burden from the insured to take care of his or her own financial needs and expectations in entering the marketplace and choosing from the competitive products available*,' *Nelson*, 456 N.W.2d at 346, and would convert agents into 'risk managers with guarantor status.' *Sadler*, 776 A.2d at 40–41 (quotation omitted); *see also Murphy*, 90 N.Y.2d 266, 660 N.Y.S.2d 371, 682 N.E.2d at 976.

> Significantly, 'the creation of a duty to advise could afford insureds the opportunity to insure after the loss by merely asserting they would have bought the additional coverage had it been offered.' *Nelson*, 456 N.W.2d at 346. 'This would amount to retroactive insurance, a concept that turns the entire theory of insurance on its ear.' *Peter*, 22 P.3d at 486 (quotation omitted)."

*Somnus Mattress Corp.*, 2018 WL 6715777, at *6 - *7 (quoting *Sintros v. Hamon*, 148 N.H. 478, 480–81, 810 A.2d 553, 555–56 (2002) (emphasis and alterations supplied).

In addition to denying plaintiff's motion to remand, this court's May 17, 2019 memorandum opinion and accompanying order also: (1) granted the motion to dismiss filed by defendants Sinclair Lawrence & Associates and Debbie Thorn, because there was no possibility plaintiff could state a cause of action against those defendants in view of the Alabama Supreme Court's holding in the *Somnus Mattress Corp.* case; (2) dismissed plaintiff's conversion claim against defendant Crista Madden; and (3) retained jurisdiction over the claims asserted by plaintiff against the diverse insurance companies, defendants State Farm and Lafayette.[17] The order of dismissal did not specify, however, whether the dismissal of plaintiff's claims against defendants Sinclair Lawrence & Associates, Debbie Thorn, and Crista Madden were with or without prejudice.[18]

---

[17] *Id.* at 9-10; doc. no. 31, at 1-2.

[18] *See* doc. no. 31, at 1-2.

7

Plaintiff filed the motion that is the subject of this memorandum opinion on June 7, 2019.[19]

## II. DISCUSSION OF MOTION TO VACATE OR AMEND

Plaintiff rests the present motion upon Federal Rule of Civil Procedure 59(e), which does not set forth specific grounds for relief, but simply states that: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59 (e). Accordingly, the decision of whether the prior memorandum opinion and accompanying order should be altered or amended is committed, at least in the first instance, to the sound discretion of this court. *See*, *e.g.*, *American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).

The only acceptable grounds for granting a Rule 59(e) motion are either newly-discovered evidence, or manifest errors of law or fact. *See*, *e.g.*, *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (*per curiam*)).

## A.    Misjoinder — Crista Madden

With regard to the issue of whether Crista Madden was misjoined, plaintiff presents only arguments that either *were raised,* or that *could have been raised*, in

---

[19] Doc. no. 37.

support of the prior motion to remand.  The motion to vacate or amend could be denied on that basis alone.  *See*, *e.g.*, *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (holding that Rule 59(e) may "'not be used to relitigate old matters *or to present arguments or evidence that could have been raised prior to judgment*'") (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)) (emphasis supplied).

Additionally, plaintiff's conversion claim against Crista Madden did not arise out of the same transaction, occurrence, or series of transactions or occurrences as plaintiff's breach of contract claims against State Farm and Lafayette, or its fraudulent suppression claims against Sinclair Lawrence & Associates, Lafayette, and Debbie Thorn.

Plaintiff argues that Madden's theft and the insurance companies' alleged suppression of the extent of coverage and subsequent denial of claims are not wholly unrelated, because plaintiff sought insurance coverage for employee theft, and it ultimately filed claims with State Farm and Lafayette to recover for the aggregate amount of Madden's various acts of embezzlement.  But just because the claims share *some* common ground does not mean that they arise out of the same transactions, occurrences, or series of events.  Instead, the claims are fundamentally different: the conversion claim is based solely upon Madden's numerous, covert acts of

embezzlement; the fraudulent suppression claim arises out of the alleged failures of defendants Sinclair Lawrence & Associates and Debbie Thorn to advise the County Commission that it should purchase additional coverage; and, the breach of contract claims against State Farm and Lafayette arise out of those companies' failure to pay the full amounts claimed by the County Commission under the policies issued to it by each company.

The Alabama Supreme Court's decision in *Ex parte American Heritage Life Insurance Co.*, 46 So. 3d 474 (Ala. 2010), is instructive. There, an inmate at the Bullock County Correctional Facility named David Garth attacked Vernon Day, one of the facility's correctional officers, and inflicted facial fractures and broken teeth upon the officer. *Id.* at 475. Day filed a claim with American Heritage Life Insurance Company, which had issued him an "accident plan" insurance policy, but he was not satisfied with the amount American Heritage awarded. *Id.* at 476. Day sued American Heritage for breach of contract, bad-faith refusal to pay, bad-faith refusal to investigate, and negligent and/or wanton hiring, training, and/or supervision. He also joined in the same complaint a tort claim for assault and battery against Inmate David Garth. *Id.* American Heritage moved to sever the assault and battery claim, asserting that Day misjoined the claim under Alabama Rule of Civil Procedure 20,

which contains the same operative language as the corresponding federal rule.  *Id.*[20]

The trial court denied the motion, but on appeal the Alabama Supreme Court reversed

and held:

> Here, there is little, if any, commonality between the claim against
> Garth and those against AHLIC [*i.e.*, American Heritage Life Insurance
> Company].   The claims against AHLIC assert claims sounding in
> contract, while the claim against Garth sounds in tort.   The genesis of
> Day's claim against Garth is Garth's tortious assault and battery on Day,
> while the genesis of the claims against AHLIC is Day's purchase of the
> accident-plan insurance policy from AHLIC.  The actionable occurrence
> constituting the claim against Garth is the assault and battery, while the
> actionable occurrences constituting the claims against AHLIC were its
> alleged bad-faith refusal to investigate and to pay Day's claim in
> violation of the terms of the insurance contract.

*Id.* at 480-81 (alteration supplied, footnote omitted).   Thus, even though the breach

of contract and bad faith claims asserted by Vernon Day against American Heritage

---

[20] The full text of the relevant portion of Alabama Rule of Civil Procedure 20 provides that:

> All persons may join in one action as plaintiffs if they assert any right to relief
> jointly, severally, or in the alternative in respect of or arising out of the same
> transaction, occurrence, or series of transactions or occurrences and if any question
> of law or fact common to all these persons will arise in the action.  All persons may
> be joined in one action as defendants if there is asserted against them jointly,
> severally, or in the alternative, any right to relief in respect of or arising out of the
> same transaction, occurrence, or series of transactions or occurrences and if any
> question of law or fact common to all defendants will arise in the action.  A plaintiff
> or defendant need not be interested in obtaining or defending against all the relief
> demanded.  Judgment may be given for one or more of the plaintiffs according to
> their respective rights to relief, and against one or more defendants according to their
> respective liabilities.

Ala. R. Civ. P. 20(a)

Life were precipitated by the assault inflicted by inmate David Garth, the operative events supporting Day's tort and contract claims were not the same. Instead, as the Alabama Supreme Court's opinion clearly held: "The actionable occurrence constituting [Day's tort] claim against Garth is the assault and battery, while the actionable occurrences constituting [Day's breach of contract and bad faith] claims against AHLIC were its alleged bad-faith refusal to investigate and to pay Day's claim in violation of the terms of the insurance contract." *Id*. at 481 (alterations supplied). The same is true in the present case. Plaintiff's motion to vacate or amend is due to be denied with regard to the conversion claim against Crista Madden.

## B.   **Fraudulent Joinder — Debbie Thorn**

Plaintiff also argues that this court erroneously decided that plaintiff could not possibly state a cause of action against Debbie Thorn for fraudulent suppression.[21] *See Stillwell*, 663 F.3d at 1332 ("To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'") (quoting *Crowe*, 113 F.3d at 1538) (alteration in original).

---

[21] Plaintiff does not appear to challenge this court's decision that plaintiff fraudulently joined the fraudulent suppression claim against Sinclair Lawrence & Associates.

Once again, plaintiff presents only arguments that either *were raised* or *could have been raised* in support of the motion to remand, and the motion to vacate or amend could be granted on that basis alone.

Plaintiff also has failed to present any newly discovered evidence, or to demonstrate that this court committed a manifest error of law or fact. "The elements of a suppression claim are (1) *a duty on the part of the defendant to disclose facts*; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to his or her injury." *Aliant Bank, a Division of USAmeribank v. Four Star Investments, Inc.*, 244 So. 3d 896, 930 (Ala. 2017) (emphasis supplied, citations and internal quotation marks omitted). The court stands by its previous decision that the fraudulent suppression claim against Debbie Thorn cannot succeed because Thorn did not have a duty to disclose to plaintiff any facts about the extent, or adequacy, of insurance coverage for employee theft.

In the *Somnus Mattress Corp.* opinion previously discussed, the Alabama Supreme Court held that, absent a special relationship, a separate agreement, additional compensation, or an affirmative misrepresentation about the contents of the policy, an insurance company or its agent has no duty to advise a client or potential client about the extent, or adequacy, of insurance coverage. *Somnus Mattress Corp.*, 2018 WL 6715777 at *5 - *10. That result is compelled by the fact

13

that a client is in a better position than an insurance company or its agent to evaluate the client's insurance needs. Such evaluations of the probability of the occurrence of future events and the costs attendant thereto are "personal and subjective, based upon a trade-off between cost and risk." *Id.* at *6 (citations omitted). Moreover, "'the creation of a duty to advise could afford insureds the opportunity to insure after the loss by merely asserting they would have bought the additional coverage had it been offered. . . . *This would amount to retroactive insurance, a concept that turns the entire theory of insurance on its ear.*'" *Id.* (citations omitted, emphasis supplied).

Plaintiff does not appear to contest the general applicability of the *Somnus Mattress Corp.* decision. Instead, plaintiff asserts that it *had* a "special relationship" with Debbie Thorn, warranting the imposition of a higher duty. Plaintiff relies upon Thorn's affidavit, which is attached to the Notice of Removal, and which reads as follows:

> My name is Debbie Thorn. I am over the age of 19 years and a resident citizen of Franklin County, Alabama. I am a licensed insurance agent and an employee of Sinclair Lawrence & Associates, an insurance agency in Russellville, Alabama. I have first hand knowledge of the facts stated herein.
>
> The Franklin County Commission was insured under an employee theft insurance policy issued by Lafayette Insurance Company from April 1, 2006 through April 1, 2015. Subject to the terms and conditions of that policy, Lafayette provided employee theft coverage with a limit [of] $100,000. The policy was non-renewed by Lafayette when it

14

expired in 2015. The contract between Sinclair and Lafayette also
expired and, therefore, coverage through Lafayette was no longer
available to the Commission through Sinclair.

Employee theft coverage was then written through Berkley
Insurance Company from April 1, 2015 through April 1, 2017, policy
number CNA4293885. This insurance also provided employee theft
coverage bearing a limit of $100,000. On the renewal date of April 1,
2017, the Franklin County Commission advised it was taking its
insurance business elsewhere. Neither I nor the Sinclair Lawrence &
Associates, Inc., agency were involved in the procurement of the
Franklin County Commission's insurance policy(ies) after the expiration
of the Berkley Insurance Company policy on April 1, 2017.

When the Commission tendered the claim arising from the
Madden theft, Berkley Insurance company paid the claim by paying its
policy limit of $100,000.

Doc. no. 1-8 (Affidavit of Debbie Thorn) (alteration supplied). Plaintiff argues that,

because Debbie Thorn brokered insurance for at least two insurers, Lafayette and

Berkley, she was an "independent agent": a status that allegedly creates a fiduciary,

or "special" relationship. *See Washington National Insurance Co. v. Strickland*, 491

So. 2d 872, 875 (Ala. 1985) (stating that "an independent agent or broker is normally

an agent for the insured").

As an initial matter, Thorn's affidavit does not establish that she sold insurance

for multiple carriers. Instead, she stated that she sold insurance for Lafayette until

Lafayette's contract with Sinclair Lawrence & Associates expired in 2015, and *then*

she began selling insurance for Berkley.[22]  Even if Thorn's affidavit did establish that

she was an "independent agent," however, that would not change the outcome under

the *Somnus Mattress Corp*. opinion.  That decision only briefly discussed the duties

of independent agents in the course of distinguishing a case cited by the insured:

> Another case cited by Somnus, *European Bakers, Ltd. v. Holman*, 177 Ga. App. 172, 338 S.E.2d 702 (1985), illustrates a special relationship.  In *Holman*, the insured's agent recommended a change in the form of business-interruption coverage the insured had.  After the insured accepted the change for its renewal of the policy, an explosion of an oven caused an interruption in business production for the insured. It then became apparent that the insured was underinsured, a situation that triggered a co-insurance penalty and resulted in the insured receiving compensation for only 28 percent of its loss.  The Georgia Court of Appeals concluded that the independent insurance agent was acting as the insured's agent and that the agent must be held to a higher standard of care because "[t]he uncontradicted evidence in this case is that [the insured's agent] held himself out as an expert and undertook to advise [the insured] on its insurance needs, and that [the insured] relied on [the insured's agent] to do so."  177 Ga. App. at 175, 338 S.E. 2d at 705.

*Somnus Mattress Corp*., 2018 WL 6715777, at *10 (alterations in original).  The

Alabama Supreme Court distinguished the opinion of the Georgia Court of Appeals

in *European Bakers, Ltd. v. Holman* because there was no evidence in the *Somnus*

*Mattress* case that Somnus's agent had "held himself out as an expert and that

Somnus justifiably relied upon that expertise."  *Id.*

---

[22] *See* doc. no. 1-8, at ECF 2-3.

16

Thus, the *Somnus Mattress Corp.* decision does not support plaintiff's argument that an independent agent *always* has a duty to advise a client about the adequacy of coverage.  Instead, *Somnus Mattress* held that the agent only assumes that duty when she makes additional representations about her expertise.  There is no evidence here that Debbie Thorn made any such representations, or that, even if she had done so, plaintiff justifiably relied upon them.  There also is no evidence of any of the other types of "special relationships" the Alabama Supreme Court identified in the *Somnus Mattress Corp.* opinion, such as an "express agreement" to provide adequate coverage, "additional compensation to provide advice about the adequacy of . . . insurance coverage," or "the existence of a long-established relationship of entrustment."  *Id.*

Thus, Debbie Thorn did not owe a duty to advise plaintiff about the adequacy of its employee theft insurance coverage, and plaintiff accordingly cannot state a cause of action against her for fraudulent suppression.  Debbie Thorn was fraudulently joined, and her presence in the complaint filed in state court accordingly does not defeat removal on the basis of diversity jurisdiction.  Plaintiff's motion to vacate or amend will be denied with regard to the claims against Debbie Thorn.

## C.    Dismissal With Prejudice

This court's May 17, 2019 order stated that plaintiff's claims against Debbie

17

Thorn, Sinclair Lawrence & Associates, and Crista Madden were dismissed, but it did not specify whether the dismissal was with, or without, prejudice.[23] Plaintiff appears to presume that the dismissal was with prejudice, but that presumption is incorrect. Federal Rule of Civil Procedure 41 states, in pertinent part, that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — *except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) (emphasis supplied). This court dismissed plaintiff's claims against Sinclair Lawrence & Associates and Debbie Thorn because those defendants were fraudulently joined. That was a dismissal for lack of jurisdiction, and not a decision on the merits of plaintiff's claims. Indeed, in the absence of jurisdiction, this court could not rule upon the merits of plaintiff's claims against those defendants.

Accordingly, this court's May 19, 2019 order was correct, but this court will, nevertheless, amend it for the sake of clarity and state what should have been obvious to counsel: *i.e.*, that the claims were dismissed without prejudice.

Moreover, even though plaintiff's counsel did not challenge the language of the dismissal order with regard to Crista Madden, this court will amend the order to

---

[23] Doc. no. 31, at 1-2.

state that the dismissal of the conversion claim against Madden also was without prejudice.

An appropriate order consistent with all of the foregoing discussion will be entered contemporaneously herewith.

**DONE** this 28th day of June, 2019.

_____
United States District Judge